### 23658. FAULK v. FAULK.

ARGUED SEPTEMBER 12, 1966—DECIDED SEPTEMBER 22, 1966.

*C. B. King,* for appellant.
*John R. Rogers,* for appellee.

GRICE, Justice. The judgment complained of is the sustaining of a caveat to the probate of a will upon the ground of revocation. The document in question was executed by Niles Faulk and was offered for probate in solemn form in the Court of Ordinary of Turner County by the named executor, who was also a legatee.

The caveat, filed by Willie Lee Faulk, alleged that at the time the document was executed, the testator was married to another person who subsequently died, that thereafter he married the caveatrix and remained married to her until his death, and that the document made no provision in contemplation of such marriage and therefore was revoked by operation of law. This caveat was sustained by the court of ordinary and, upon appeal, by the superior court, which by consent heard the evidence without the intervention of a jury. Following the latter court's order denying probate and the overruling of the pro-

pounder's motion for new trial upon the general grounds, the instant appeal was taken. The only issue before us is whether there was any evidence to sustain the judgment of the superior court.

The evidence on behalf of the caveatrix substantiated her allegations above referred to. The purported will, executed in 1955, devised and bequeathed all of the testator's property jointly to his then wife Rosa Faulk and his grandson, the propounder. It made no provision in contemplation of his subsequent remarriage. Rosa Faulk's decease in 1960 was duly established. Documentary proof of the ceremonial marriage in 1962 between the testator and the caveatrix was adduced.

The foregoing facts, which were without dispute, amply supported the caveat. Our *Code Ann.* § 113-408, provides that "In all cases, the marriage of the testator . . . subsequent to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will."

A different result was not required by reason of the propounder's contention that the marriage between the testator and the caveatrix was invalid due to a previous undissolved common law marriage between her and a man named Allen. Since the evidence was in conflict as to whether there had been such a previous marriage, the trial court was authorized to find that there had not and, therefore, that the ceremonial marriage between the testator and the caveatrix was valid so as to cause the revocation of his will.

Under the evidence which was introduced the trial court was fully authorized to sustain this caveat.

*Judgment affirmed. All the Justices concur.*